The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN HARPER,<br><br>Defendant. | NO. CR24-184-RSM-3<br><br>**PLEA AGREEMENT** |

The United States, through Special Attorney Robert S. Trisotto of the District of Oregon, and Assistant United States Attorney Cindy Chang of the Western District of Washington, and defendant KEVIN HARPER and his attorney Peter Camiel, enter into the following Plea Agreement, under Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to Conspiracy to Distribute Controlled Substances, as charged in Count 1 of the Superseding Indictment, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B(viii), C, D, and E), and 846.

Plea Agreement - 1
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows: (1) there was an agreement between two or more persons to distribute controlled substances, including methamphetamine, ketamine, buprenorphine, and THC; and (2) the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows: a maximum term of imprisonment of up to 40 years and a mandatory minimum term of imprisonment of 5 years, a fine of up to $5,000,000, a period of supervisions following release from prison of at least four years and up to life, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be up to five years.

Defendant further understands that, in order to invoke the statutory sentence for the drug offenses charged in Count 1 of the Superseding Indictment, the United States must prove that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1, involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that Defendant's conduct as a member of the narcotics conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count 1,

Plea Agreement - 2
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate

Plea Agreement - 3
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code,

Plea Agreement - 4
*United States v. Harper*, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense. The parties agree on the following facts and further agree that all these facts constitute relevant conduct under the United States Sentencing Guidelines:

Plea Agreement - 5
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

a. Beginning on a date unknown but no later than on or about November 10, 2022, and continuing until on or about June 26, 2023, in King County, within the Western District of Washington, and elsewhere, Defendant Kevin HARPER, his then-attorney John M. SHEERAN, King County Correctional Facility (KCCF) inmates Michael A. BARQUET and Darryl PETERSON, and Katrina CAZARES agreed to distribute controlled substances, including methamphetamine, ketamine, buprenorphine, and THC. Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

b. Defendant's role in the conspiracy was to, among other things, (1) use legal visits with SHEERAN at KCCF to coordinate with SHEERAN about obtaining controlled substances from CAZARES to smuggle into KCCF and distribute to Defendant; (2) coordinate with BARQUET and CAZARES to supply SHEERAN with controlled substances for SHEERAN to smuggle into KCCF; and (3) after receiving the controlled substances from SHEERAN during legal visits, sell the controlled substances to other inmates in KCCF.

c. In furtherance of the conspiracy, Defendant committed the following overt acts, among others:

**Distribution #1: SHEERAN Supplied Defendant with Drug-Dipped Papers**

d. On or about December 22, 2022, using coded language during a video call, Defendant provided instructions to CAZARES on how to communicate with SHEERAN about the transfer of sheets of paper soaked in drugs and cans of chewing tobacco containing drugs, or specifically, that CAZARES was Defendant's cousin and that CAZARES had Defendant's paperwork and "the other" ready for SHEERAN to pickup.

e. On or about December 31, 2022, using coded language during a video call, Defendant told CAZARES that Defendant expected SHEERAN to visit him at

Plea Agreement - 6
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

KCCF on either January 2, 2023, or January 3, 2023, and CAZARES should contact SHEERAN to coordinate providing drugs for SHEERAN to smuggle into KCCF.

        f.    On or about January 3, 2023, using coded language during a phone call, CAZARES told Defendant that SHEERAN was on his way to pick up the drugs that CAZARES prepared for SHEERAN to smuggle into KCCF and distribute to Defendant.

        g.    On or about January 18, 2023, Defendant had a legal visit with SHEERAN at KCCF during which SHEERAN distributed to Defendant about 12 sheets of paper soaked in methamphetamine that he obtained from CAZARES. The drug-dipped papers SHEERAN gave Defendant consisted of blank pages and pages ripped out of a book.

**Distribution #2: SHEERAN Supplied Defendant with a Drug-Filled Tobacco Can**

        h.    On or about January 21, 2023, Defendant had a legal visit with SHEERAN at KCCF during which SHEERAN distributed to Defendant a can of chewing tobacco containing methamphetamine. To transfer the drug-filled tobacco can to Defendant, SHEERAN hid the tobacco can behind a roll of toilet paper in the bathroom and told Defendant to retrieve it. Defendant retrieved the tobacco can from behind the toilet paper. The bottom of the tobacco can had been cut out and was not properly sealed. As a result, anyone handling the tobacco would dislodge the bottom of the can and see the methamphetamine inside.

**Distribution #3: SHEERAN Supplied Defendant with a Drug-Filled Tobacco Can**

        i.    On or about February 14, 2023, using coded language during a video call, Defendant asked CAZARES to contact SHEERAN about the status of delivering the second can of chewing tobacco containing methamphetamine to Defendant.

        j.    On or about February 21, 2023, Defendant had a legal visit with SHEERAN at KCCF during which SHEERAN distributed to Defendant a second can of chewing tobacco containing methamphetamine.

///

Plea Agreement - 7
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

**Distribution #4: SHEERAN Attempted to Supply Defendant with 52.6 Grams of Actual Methamphetamine in Trial Shoes**

k. On or about February 2, 2023, using coded language during a video call, Defendant, BARQUET, and CAZARES discussed smuggling drugs into the KCCF by using a hidden compartment in the sole of a shoe.

l. On or about March 19, 2023, Defendant had a legal visit with SHEERAN at KCCF during which SHEERAN, among other things, told Defendant that the drugs hidden in the soles of the trial shoes that SHEERAN was attempting to deliver to Defendant and BARQUET had been seized; directed Defendant not to speak to anyone about SHEERAN's role in the offense, and directed Defendant to instruct CAZARES not to speak to anyone either.

m. On or about March 19, 2023, using coded language during a phone call, Defendant told CAZARES that SHEERAN said not to speak to anyone about the methamphetamine that was seized in the trial shoes SHEERAN attempted to deliver to Defendant and BARQUET, and SHEERAN would talk to CAZARES about the seizure later.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

| | | |
|---|---|---|
| Base Offense Level: | 30 | U.S.S.G. §§ 2D1.1(a)(5), (c)(5) |
| Distribution in a Prison: | +2 | U.S.S.G. § 2D1.1(b)(4) |

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands,

Plea Agreement - 8
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Recommendation Regarding Imprisonment.** Under Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend no more than the low-end of the applicable guideline range if defendant demonstrates an acceptance of responsibility as explained above. For purposes of this agreement, the low end of the applicable guideline range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, as determined by the Court. Additionally, the United States agrees to recommend that any term of imprisonment that may be imposed by the Court in this case run concurrent to any term of imprisonment that may be imposed in *State of Washington v. Kevin Harper*, No. 19-1-01409-8 SEA (King Co. Super. Ct.). Defendant is free to make any recommendation permitted by law.

Defendant understands that these recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

Plea Agreement - 9
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

12. **Forfeiture of Assets.**

   a. **Assets and Authority**: By signing this agreement, Defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853.

   b. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   c. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.

   d. **Title Assistance**: Defendant agrees to fully assist the United States Attorney's Office for the District of Oregon in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

   e. **Assets Not Identified**: The United States Attorney's Office for the District of Oregon reserves its right to proceed against any remaining assets not identified

Plea Agreement - 10
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which Defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

  f. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

13. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

14. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the District of Oregon agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the District of Oregon has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

Plea Agreement - 11
*United States v. Harper*, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

1 | Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any

Plea Agreement - 12
United States v. Harper, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the

Plea Agreement - 13
*United States v. Harper*, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000

Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

19. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the District of Oregon. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 14th day of May, 2025.

_____
KEVIN HARPER
Defendant

_____
PETER A. CAMIEL
Attorney for Defendant

_____
CINDY CHANG
Assistant United States Attorney
ROBERT S. TRISOTTO
Special Attorney Acting Under Authority
Conferred by 28 U.S.C. § 515

Plea Agreement - 14
*United States v. Harper*, CR24-184-RMS-3

UNITED STATES ATTORNEY
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
(503) 727-1000